WADE BUCKLEY, INDIVIDUALLY, AND WADE BUCKLEY, AS EXECUTOR, ETC., OF CHARLES W. BUCKLEY, DECEASED; APPELLANT, *v.* WILLIAM A. DRAKE AND OTHERS, AS COMMISSIONERS OF HIGHWAYS OF THE TOWN OF DEERPARK, RESPONDENTS.

*Opening of highway — an applicant for the highway may act as a juror — section* 75 *of part* 1, *chapter* 16, *title* 1, *article* 4 *of the Revised Statutes, as amended by chapter* 696 *of* 1881 — *what errors in the proceedings must be reviewed by* certiorari *and not by action.*

This action was brought to restrain the commissioners of highways of a town from entering upon the plaintiff's land to open a new highway, and to vacate and set aside the proceedings taken in laying it out, upon the grounds that the jury which certified to the necessity of the highway was illegally constituted, in that one of the persons, who served as a juror, had signed the petition for the highway presented to the commissioners of highways, and that the names of a number of such petitioners were upon the list from which the said jury was drawn.

*Held,* that a person was not disqualified from acting as a juror by reason of the fact that he had signed the application for the highway.

That if he were in fact thereby disqualified from so acting, the remedy of the plaintiff was by *certiorari* and not by action.

APPEAL from a judgment dismissing the plaintiff's complaint, entered upon the trial of this action at the Orange County Special Term.

This action was brought to restrain the defendants, as commissioners of highways of the town of Deerpark, from entering on so much of plaintiff's land as lies within the limits of the new Berme side highway, and to vacate and set aside all proceedings which have been had in the matter of the laying out of said highway.

These proceedings were taken in pursuance of the Revised Statutes, as amended by chapter 696 of the Laws of 1881. The final order laying out the said highway was made July 22, 1884,

and this action was brought about January 1, 1886. It is admitted by the pleadings that all the legal requirements and formalities for the laying out of a highway were complied with, but it is charged by the appellant that the jury which certified to the necessity of this highway was illegally constituted in that one of the persons who served thereon had signed a petition therefor to the commis-. sioners of highways, and also in that the names of a number of such petitioners were upon the list from which said jury was drawn. No objection of this kind was made at the time of drawing or swearing the jury, nor until the commencement of this action.

The justice at Special Term, at the close of the plaintiff's case, dismissed the complaint upon the ground that although there might have been an error in the drawing of the jury, yet that as a complete remedy existed at law this action could not be maintained.

*John W. Lyon*, for the appellant.

*C. E. Cuddeback*, for the respondents.

BARNARD, P. J.:

There was no error in the drawing of the jury. The application to open the highway was signed by a great many persons, and the jury was drawn under legal form. The statute directs how the jury is to be formed, and this way was explicitly followed. The town clerk is directed to " deposit in a box the names of all persons then residents of his town whose names are on the list " as jurors, who are not interested in the lands," " nor of kin to the owner." The disqualification is of those who are interested in the lands and of persons of kin to the owner. (Chap. 696, Laws of 1881.) Under the phrase " interested in the land," the legislature could not have intended to cover those who signed the application for a road through it. An applicant for a highway is no more interested in the land than a freeholder who is in favor of the road and has not signed the application. Such a juror would undoubtedly be proper. If an absolutely impartial jury was designed, the law would have provided some way for a challenge to review those jurors who had formed an opinion. The old way of obtaining a certificate permitted an applicant, by a notice, to call everybody to view his proposed road, and if he could get twelve to sign the certificate, the road went before the commissioners of highways for their action.

In 1871 the legislature changed this mode by requiring a certificate from a jury drawn (twelve in number), from the town jury list, except those interested in the land and related to the owner, and it required nine of this number to sign the certificate. Ten signed the certificate in question, but one of them was one of the 159 persons who signed the application.

Under the precise requirement of the law he was a capable juryman. If there was an error, it would have been reviewable by *certiorari*. The application and the certificate would necessarily have been returned, and it would have appeared by the return that one of the applicants was a drawn juror and one who sat upon the proceedings. When there is a remedy it is by *certiorari* or appeal. When the case requires no proof of facts outside of the return, the remedy for an error is to be brought by a writ of review of the case itself.

On both grounds, therefore, the judgment should be affirmed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Judgment affirmed, with costs.